UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIA DI FENG,<br><br>    Plaintiff,<br><br>        v.<br><br>SEE-LEE LIM, *et al.,*<br><br>    Defendants. | Civil Action No.  10-1155 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jia Di Feng brought this action against See-Lee Lim and Allstate Insurance Company, claiming that Lim, an Allstate agent, had defrauded him in an immigration transaction. Allstate was dismissed early in the case, and Lim, still *pro se*, now herself moves for summary judgment. Because this case presents a classic dispute of fact as to what occurred in the transaction, the Motion will be denied.

**I.    Background**

The evidence, viewed in the light most favorable to Plaintiff, the non-moving party, shows that in June 2008, Lim called Feng and indicated that "she could obtain a gree[n] card . . . for the price of $30,000.00 . . . with $10,000.00 down payment." Opp., Exh. 3 (Affidavit of Jia Di Feng) at 1. On June 18, the two met near 6th and H Streets, N.W., in Washington, and Plaintiff "paid $5,000.00 cash to Ms. Lim." Id. "Lim then wrote and signed a receipt in Chinese to [him]." Id.; see also Opp., Exh. 4 (Receipt). Plaintiff paid her an additional $4800 by check. Feng Aff. at 1.

In his Complaint, Plaintiff alleged causes of action for Fraudulent Misrepresentation (Count I), Breach of Contract (Count II), Negligence (Count III), Unlawful Trade Practices

1

(Count IV), and a violation of the Consumer Protection Act (Count V), for the last of which he also sought punitive damages. In a Memorandum Opinion of May 12, 2011 (ECF No. 11), the Court dismissed the case against Allstate in its entirety and also dismissed the Negligence Count against Lim. The other counts against her thus remain. After the completion of discovery, she has filed the instant Motion for Summary Judgment.

## II.     Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb, 433 F.3d at 895 (quoting Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See id. The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." Taxpayers Watchdog, Inc., v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). "Until a movant has met its burden, the opponent of a summary judgment motion is under no obligation to present any evidence." Gray v. Greyhound Lines, East, 545 F.2d 169, 174 (D.C. Cir. 1976). When a motion for summary judgment is under consideration, "the evidence of the non-movant[s] is to be believed, and all justifiable inferences are to be drawn in [their] favor." Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co., 447

F.3d 843, 850 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). They are required to provide evidence that would permit a reasonable jury to find in their favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovants' evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

**III.    Analysis**

In moving for summary judgment, Lim first argues that no personal jurisdiction or venue exists here. See Mot. at 3. The basis of her contention is that "none of the events or actions occurred in the District of Columbia." Id. While she may so maintain, Plaintiff has sworn that he did pay her at least half of the money at issue in the District. See Feng Aff. at 1. As this creates a material issue of disputed fact, summary judgment is unwarranted.

Lim next argues that she did not take Plaintiff's money; instead, he was paying her back for money she had advanced him. See Mot. at 4-5. The receipt, she claims, is "a fabrication." Id. at 5. Once again, Plaintiff's Affidavit directly contradicts this point, averring that he gave her a down payment for a green card and that she wrote out the receipt for him. See Feng Aff. at 1. As the two sides' sworn accounts are in stark contradiction, summary judgment is not proper.

Finally, citing no authority, Lim asserts that "Plaintiff[']s claim under the CPPA is baseless because he failed to show facts of misrepresentation and that the Defendant violated any provisions of that statute." Mot. at 8. "The Consumer Protection Procedures Act is a comprehensive statute designed to provide procedures and remedies for a broad spectrum of practices which injure consumers." District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714, 722-23 (D.C. 2003) (citation and internal quotation marks omitted). Indeed, "[a] main purpose of the CPPA is to assure that a just mechanism exists to remedy all improper trade practices." Id. at 723 (citation and internal quotation marks omitted; emphasis in original). For example, "[t]rade practices that violate other laws, including the common law, also fall within the purview of the CPPA." Id. (citations omitted). Plaintiff has thus sufficiently created a dispute of material fact by asserting that Lim improperly held herself out as someone able to procure a green card.

## IV.  Conclusion

The Court, accordingly, ORDERS that:

1. Defendant Lim's Motion is DENIED; and

2. The parties shall appear for a status conference on Sept. 18, 2012, at 11:00 a.m.

IT IS SO ORDERED.

/s/ *James E. Boasberg*

JAMES E. BOASBERG
United States District Judge

Date:  August 29, 2012